1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8  LAMONT SHEPARD, | CASE NO. 1:10-CV-00023-DLB PC |
| 9                     Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR |
| 10      v. | NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE |
| 11  J. TILTON, et al., | CLAIMS |
| 12                     Defendants. | (DOC. 1) |
| 13  _____/ | RESPONSE DUE WITHIN 30 DAYS |

14

15                              **Screening Order**

16  **I.      Background**

17          Plaintiff Lamont Shepard ("Plaintiff") is a prisoner in the custody of the California

18  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

19  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

20  action by filing his complaint on January 6, 2010.

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

24  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

25  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

27  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

28  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1

1  1915(e)(2)(B)(ii).

2      A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

6  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

7  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

8  550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

9  **II.      Summary Of Complaint**

10     Plaintiff is incarcerated at Corcoran State Prison ("CSP"), where the events giving rise to

11  this action occurred. Plaintiff names as Defendants former director of CDCR James Tilton,

12  former warden Derral Adams, correctional sergeant L. A. Martinez, and correctional officers R.

13  Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos, R. Castro, L. Nelson, and T. Cano. Plaintiff

14  also names Defendant Trevino in the body of his complaint.

15     Plaintiff alleges the following. On August 4, 2009, Plaintiff was conversing with another

16  inmate through a fence that separated west yard from east yard. Defendant Perez informed

17  Plaintiff that he was not allowed to do so. Plaintiff asked whether this rule was for only black

18  inmates. Defendant Trevino then made a statement to Plaintiff and pepper-sprayed him with OC

19  pepper spray. Plaintiff dropped to the ground. A defendant then jumped onto Plaintiff's back.

20  Plaintiff was then escorted to the program office, rather than decontamination. Plaintiff noticed

21  that Defendants Martinez and Soto were escorting him. Once at the program office, Defendant

22  Martinez instructed Defendant De La Cruz to clear out the office, and the secure the door.

23  Officer Miranda was told to go outside and close the door, and not permit anyone to come in.

24  Defendants Soto, De La Cruz, Perez, Trevino, Garcia, and Campos entered before the door was

25  closed. Plaintiff was handcuffed behind his back at this point. Defendants then proceeded to

26  beat Plaintiff in the head, while Defendant Garcia was the lookout. Defendants used racial slurs

27  as they beat Plaintiff. Plaintiff was knocked unconscious twice during the assault. Upon

28  awakening a third time, Plaintiff overheard Captain Seifert and Lieutenant Gamboa yell at the

1 Defendants.

2     Captain Seifert informed Plaintiff that Investigative Services Unit had been contacted.

3 Plaintiff was taken to ACH (Acute Care Hospital) in CSP.  The examining doctor found that

4 Plaintiff should be sent to an outside hospital for medical care.  On the ride to the hospital,

5 Defendant Castro rode in the cab and informed Plaintiff that they should beat Plaintiff or kill

6 him.

7     Plaintiff filed several inmate grievances regarding this matter.  Some were directed to the

8 warden, others to the secretary, and others to the Office of Internal Affairs.  None were

9 processed.

10     Plaintiff alleges violation of the Eighth Amendment, the Due Process Clause of the

11 Fourteenth Amendment, and state law claims of assault and battery.  Plaintiff requests as relief

12 the firing of the Defendant officers involved, a vacating of a false report regarding the incident on

13 Plaintiff, and compensatory and punitive damages.

14 **III.     Analysis**

15     **A.     Eighth Amendment**

16     "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

17 Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson*

18 *v. McMillian*, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is

19 . . . contextual and responsive to contemporary standards of decency."  *Id.* (internal quotation

20 marks and citations omitted).  The malicious and sadistic use of force to cause harm always

21 violates contemporary standards of decency, regardless of whether or not significant injury is

22 evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth

23 Amendment excessive force standard examines *de minimis* uses of force, not *de minimis*

24 injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause

25 of action."  *Hudson*, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual

26 punishments necessarily excludes from constitutional recognition *de minimis* uses of physical

27 force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"

28 *Id.* at 9-10 (internal quotations marks and citations omitted).

1        Here, Plaintiff has sufficiently alleged a cognizable Eighth Amendment claim against

2   Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos, and Trevino.

3        Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Castro.

4   Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42

5   U.S.C. § 1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal

6   quotation omitted).  Mere threats are insufficient to state a claim an Eight Amendment claim.

7   *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

8        **B.     Due Process**

9        Plaintiff alleges a due process violation for the beating he suffered.  "[W]here a particular

10  amendment provides an explicit textual source of constitutional protection against a particular

11  sort of government behavior, that Amendment, not the more generalized notion of substantive

12  due process, must be guide for analyzing a plaintiff's claims."  *Patel v. Penman*, 103 F.3d 868,

13  874 (9th Cir. 1996).  Here, the Eighth Amendment, and not the more generalized notion of

14  substantive due process, is the explicit textual source of constitutional protection.  Thus, there is

15  no substantive due process claim.

16       Plaintiff also has no federal due process right to a specific procedure regarding inmate

17  grievances.  *Ramirez v. Galaza*, 334 F.33d 850, 860 (9th Cir. 2003) (no liberty interest in

18  processing of appeals because no entitlement to specific grievance procedure).  Thus, Plaintiff

19  does not state a claim against Defendants Tilton, Adams, or Nelson.[1]

20       **C.     Supervisory Liability**

21       If Plaintiff is alleging liability against Defendants Tilton and Adams on the basis of their

22  role as supervisory officials, Plaintiff fails to state a claim.  The Supreme Court recently

23  emphasized that the term "supervisory liability," loosely and commonly used by both courts and

24  litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held

25  liable for the unconstitutional conduct of their subordinates under a theory of *respondeat*

26

27       [1] Plaintiff also names T. Cano as a Defendant.  However, Plaintiff fails to link Defendant Cano to any action
    that would indicate a violation of Plaintiff's federally protected rights.  *Long v. County of Los Angeles*, 442 F.3d
28  1178, 1185 (9th Cir. 2006).

1   *superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only

2   liable for his or her own misconduct.

3          When the named defendant holds a supervisorial position, the causal link between the

4   defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

5   *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

6   1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

7   some facts indicating that the defendant either: personally participated in the alleged deprivation

8   of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

9   or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

10  rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642,

11  646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

12  1989).  Plaintiff alleges no facts that indicate Defendants Tilton or Adams knew of the violations

13  and failed to act to prevent them, personally participated in the alleged deprivation, or

14  promulgated or implemented a policy so deficient that the policy itself is a repudiation of

15  constitutional rights and the moving force of a constitutional violation.

16          **D.      State Law Claims**

17          California's Tort Claims Act requires that a tort claim against a public entity or its

18  employees be presented to the California Victim Compensation and Government Claims Board,

19  formerly known as the State Board of Control, no more than six months after the cause of action

20  accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written

21  claim, and action on or rejection of the claim are conditions precedent to suit.  *State v. Superior*

22  *Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. California Pub.*

23  *Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public

24  employee, a plaintiff must allege compliance with the Tort Claims Act.  *State v. Superior Court*,

25  32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839

26  F.2d 621, 627 (9th Cir. 1988).  As there is no such pleading in this complaint, Plaintiff's state

27  law claims are dismissed.

28  ///

1    **IV.      Conclusion And Order**

2           Plaintiff states a cognizable Eighth Amendment claim against Defendants L. A. Martinez,

3    R. Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos, and Trevino.  Plaintiff fails to state a

4    claim against any other Defendants.  The Court will provide Plaintiff with an opportunity to file

5    an amended complaint curing the deficiencies identified by the Court in this order.  *Noll v.*

6    *Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit

7    by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607

8    (7th Cir. 2007) (no "buckshot" complaints).

9           If Plaintiff decides not to amend and is willing to proceed only on the claims found to be

10   cognizable, Plaintiff shall notify the Court.  The Court will issue an order dismissing all other

11   Defendants from this action, and forward service documents to Plaintiff for completion and

12   return as to Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos,

13   and Trevino.

14          If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

15   P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

16   constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the

17   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

18   ."  *Twombly*, 550 U.S. at 555.

19          Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

20   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

21   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

22   pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

23   complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

24   (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

25   114 F.3d at 1474.

26   ///

27   ///

28   ///

1    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

2    1.    The Clerk's Office shall send Plaintiff a complaint form;

3    2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall

4          either:

5          (a) file a first amended complaint curing the deficiencies identified herein; or

6          (b) notify the Court of willingness to proceed only on claims found to be

7          cognizable as stated herein;

8    3.    Plaintiff may not add any new, unrelated claims to this action via the first

9          amended complaint and any attempt to do so may result in an order striking the

10         first amended complaint; and

11   4.    If Plaintiff fails to comply with this order, the Court will dismiss this action for

12         failure to obey a court order.

13   IT IS SO ORDERED.

14   **Dated:**    **October 9, 2010**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

7