# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | CASE NO. 1:10-CV-00023-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (DOC. 1) |
| J. TILTON, et al., | |
| Defendants. | |

## **Screening Order**

**I.    Background**

Plaintiff Lamont Shepard ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on January 6, 2010.  Doc. 1.  On October 12, 2010, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it stated cognizable claims against Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos, and Trevino for violation of the Eighth Amendment, but failed to state any other claims.  Doc. 7. Plaintiff was provided the opportunity to either file an amended complaint curing the deficiencies identified, or to notify the Court of his willingness to proceed only on claims found to be cognizable.  On February 22, 2011, Plaintiff indicated his willingness to proceed only on the cognizable claims.  Doc. 10.  The Court issues the following order.

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary Of Complaint**

Plaintiff is incarcerated at Corcoran State Prison ("CSP"), where the events giving rise to this action occurred. Plaintiff names as Defendants former director of CDCR James Tilton, former warden Derral Adams, correctional sergeant L. A. Martinez, and correctional officers R. Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos, R. Castro, L. Nelson, and T. Cano. Plaintiff also names Defendant Trevino in the body of his complaint.

Plaintiff alleges the following. On August 4, 2009, Plaintiff was conversing with another inmate through a fence that separated west yard from east yard. Defendant Perez informed Plaintiff that he was not allowed to do so. Plaintiff asked whether this rule was for only black inmates. Defendant Trevino then made a statement to Plaintiff and pepper-sprayed him with OC pepper spray. Plaintiff dropped to the ground. A defendant then jumped onto Plaintiff's back. Plaintiff was then escorted to the program office, rather than decontamination. Plaintiff noticed

2

1  that Defendants Martinez and Soto were escorting him.  Once at the program office, Defendant
2  Martinez instructed Defendant De La Cruz to clear out the office, and the secure the door.
3  Officer Miranda was told to go outside and close the door, and not permit anyone to come in.
4  Defendants Soto, De La Cruz, Perez, Trevino, Garcia, and Campos entered before the door was
5  closed.  Plaintiff was handcuffed behind his back at this point.  Defendants then proceeded to
6  beat Plaintiff in the head, while Defendant Garcia was the lookout.  Defendants used racial slurs
7  as they beat Plaintiff.  Plaintiff was knocked unconscious twice during the assault.  Upon
8  awakening a third time, Plaintiff overheard Captain Seifert and Lieutenant Gamboa yell at the
9  Defendants.
10         Captain Seifert informed Plaintiff that Investigative Services Unit had been contacted.
11 Plaintiff was taken to ACH (Acute Care Hospital) in CSP.  The examining doctor found that
12 Plaintiff should be sent to an outside hospital for medical care.  On the ride to the hospital,
13 Defendant Castro rode in the cab and informed Plaintiff that they should beat Plaintiff or kill
14 him.
15         Plaintiff filed several inmate grievances regarding this matter.  Some were directed to the
16 warden, others to the secretary, and others to the Office of Internal Affairs.  None were
17 processed.
18         Plaintiff alleges violation of the Eighth Amendment, the Due Process Clause of the
19 Fourteenth Amendment, and state law claims of assault and battery.  Plaintiff requests as relief
20 the firing of the Defendant officers involved, a vacating of a false report regarding the incident on
21 Plaintiff, and compensatory and punitive damages.
22 **III.    Analysis**
23     **A.    Eighth Amendment**
24         "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
25 Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson*
26 *v. McMillian*, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is
27 . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation
28 marks and citations omitted).  The malicious and sadistic use of force to cause harm always

3

1 violates contemporary standards of decency, regardless of whether or not significant injury is
2 evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth
3 Amendment excessive force standard examines *de minimis* uses of force, not *de minimis*
4 injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause
5 of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual
6 punishments necessarily excludes from constitutional recognition *de minimis* uses of physical
7 force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."
8 *Id.* at 9-10 (internal quotations marks and citations omitted).

      Here, Plaintiff has sufficiently alleged a cognizable Eighth Amendment claim against
10 Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos, and Trevino.

      Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Castro.
12 Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42
13 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal
14 quotation omitted). Mere threats are insufficient to state a claim an Eighth Amendment claim.
15 *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

    **B.**    **Due Process**

      Plaintiff alleges a due process violation for the beating he suffered. "[W]here a particular
18 amendment provides an explicit textual source of constitutional protection against a particular
19 sort of government behavior, that Amendment, not the more generalized notion of substantive
20 due process, must be guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868,
21 874 (9th Cir. 1996). Here, the Eighth Amendment, and not the more generalized notion of
22 substantive due process, is the explicit textual source of constitutional protection. Thus, there is
23 no substantive due process claim.

      Plaintiff also has no federal due process right to a specific procedure regarding inmate
25 grievances. *Ramirez v. Galaza*, 334 F.33d 850, 860 (9th Cir. 2003) (no liberty interest in
26 processing of appeals because no entitlement to specific grievance procedure). Thus, Plaintiff

4

does not state a claim against Defendants Tilton, Adams, or Nelson.[1]

### C. Supervisory Liability

If Plaintiff is alleging liability against Defendants Tilton and Adams on the basis of their role as supervisory officials, Plaintiff fails to state a claim. The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts that indicate Defendants Tilton or Adams knew of the violations and failed to act to prevent them, personally participated in the alleged deprivation, or promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force of a constitutional violation.

### D. State Law Claims

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board,

---

[1] Plaintiff also names T. Cano as a Defendant. However, Plaintiff fails to link Defendant Cano to any action that would indicate a violation of Plaintiff's federally protected rights. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988). As there is no such pleading in this complaint, Plaintiff's state law claims are dismissed.

## IV.    Conclusion And Order

Plaintiff states a cognizable Eighth Amendment claim against Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos, and A. Trevino. Plaintiff was provided the opportunity to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. Plaintiff indicated that he wished to proceed only on the cognizable claims.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed against Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos, and A. Trevino for violation of the Eighth Amendment;
2. All other claims are dismissed from this action for failure to state a claim; and
3. Defendants Tilton, Adams, Cano, Nelson, and Castro are dismissed from this action.

IT IS SO ORDERED.

Dated:   **February 24, 2011**                     **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE