# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | CASE NO. 1:10-CV-00023-DLB PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION AND DISMISSING DEFENDANT J. CAMPOS FROM ACTION |
| v. | |
| JAMES E. TILTON, et al., | (DOC. 27) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT |
| / | (DOC. 28) |

Plaintiff Lamont Shepard ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed January 6, 2010, against Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, J. Campos, and A. Trevino for violation of the Eighth Amendment. Pending before the Court is: 1) Plaintiff's motion to dismiss Defendant Trevino from this action filed August 26, 2011, and 2) Plaintiff's motion to amend his complaint, filed August 30, 2011. Docs. 27, 28.

I.      **Motion To Dismiss Defendant Campos**

Plaintiff moves for dismissal of Defendant J. Campos from the action. Doc. 27. Plaintiff states that Defendant J. Campos resembled Defendant Soto, and thus included in this action. Plaintiff has discovered that Defendant J. Campos was not the correct officer, but rather Defendant Soto. Defendants do not oppose the motion. Defs.' Opp'n 1:25-26, Doc. 30.

Pursuant to Rule 41(a)(2), the Court finds dismissal of Defendant Campos proper. Accordingly, it is HEREBY ORDERED that Plaintiff's motion to dismiss Defendant Campos from the action, filed August 26, 2011, is GRANTED. Defendant Campos is dismissed from the action. This dismissal is with prejudice.

## II.     Motion To Amend Complaint

Plaintiff moves for leave to amend his complaint to include claims against officer Miranda, captain Seifert, and lieutenant Brodie. Pl.'s Mot., Doc. 28. Defendants oppose the motion as unreasonable, prejudicial, and futile. Defs.' Opp'n 2:19-4:24, Doc. 30.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.* The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)). However, "'[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied,'" *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting *Jordan v. County of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982)), and the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint," *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

Plaintiff had named Miranda, Seifert, and Brodie in his complaint, but did not list them as Defendants. Plaintiff provides no explanation as to why amendment should be granted, other than citing to his pleadings. However, the pleadings do not state a claim against these three individuals and would thus be futile. Against Miranda, Plaintiff alleges only that Miranda stood in front of the door and was ordered to not let anyone in. Compl. ¶ 23, Doc. 1. Against Seifert,

Plaintiff alleges only that he awoke to the sounds of Seifert yelling at Defendants, Seifert told Plaintiff to calm down that he saw what happened, Seifert ordered Plaintiff to another building for decontamination, and that Seifert called Internal Affairs. Compl. ¶¶ 30-33. Against Brodie, Plaintiff alleges only that Brodie told Plaintiff that he did not condone what the officers did. Compl. ¶ 33.

The above alleged facts do not demonstrate a violation of any of Plaintiff's federal or constitutional rights. Plaintiff's claims against the Defendants are for excessive force in violation of the Eighth Amendment. Plaintiff's claims against Miranda, Seifert, and Brodie appear premised on a theory of failing to intervene. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). However, Plaintiff makes no allegations that the three proposed Defendants actually caused a constitutional violation. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.") (internal quotations omitted). There are no facts that demonstrate any of three knew of and disregarded an excessive risk of serious harm to Plaintiff's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Allowing amendment of the pleadings would appear futile.

The Court provided Plaintiff with an opportunity to amend his complaint. Doc. 7. Plaintiff opted to proceed only on the cognizable claims. Doc. 10. Plaintiff was aware of the facts alleged in his complaint at the time he filed it, and indicates no new or recently discovered facts that would merit amendment of his pleadings.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to amend his complaint, filed August 30, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **November 9, 2011**           **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE