# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES E. TILTON, et al.,<br><br>    Defendants._____/ | CASE NO. 1:10-CV-00023-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(DOC. 25) |

**Order**

**I.    Background**

Plaintiff Lamont Shepard ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed January 6, 2010, against Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, and A. Trevino for violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to compel, filed August 17, 2011. Doc. 25. On August 26, 2011, Defendants filed their opposition. Doc. 26. On September 6, 2011, Plaintiff filed his opposition, construed as a reply. Doc. 29. The matter is submitted pursuant to Local Rule 230(l).[1]

---

[1] On September 15, 2011, Defendants filed a "supplement" to Plaintiff's reply. Doc. 31. This supplement appears to be a surreply, which are not typically accepted by this Court. *See* L. R. 230(l). However, having reviewed the supplement, the Court finds that it provides clarification to the matter, and will thus consider it.

1

II.     **Motion To Compel**

Plaintiff initially moved to compel responses to his first set of interrogatories, requests for admissions, and requests for production of documents. Pl.'s Mot. Compel 2-3, Doc. 25. Plaintiff also requests sanctions. *Id.* Defendants contend that they received extensions of time to respond to Plaintiff's discovery requests. July 6, 2011 Order Granting Extension Of Time, Doc. 22; August 12, 2011 Order Granting Extension Of Time, Doc. 24. Defendants submit proofs of service for all the responses. Defs.' Opp'n, Ex. A. Defendants' responses appear timely. Defendants thus will not be sanctioned pursuant to Federal Rule of Civil Procedure 37.

Plaintiff concedes the timeliness of Defendants' responses. Pl.'s Reply 1, Doc. 29. Plaintiff moves to compel further responses to Requests Nos. 4, 5, 10, 11, and 12. Defendants' supplemental opposition addresses each.

   A.     **Legal Standard**

In responding to discovery requests, Defendants must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required, however. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney. *Meeks v.*

*Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill. 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

### B.   Requests For Production

Request No. 4:   Any tape, recording, or photo's [sic] of plaintiff on August 4, or 5, 2009.

Response:   Responding party objects to this request on the grounds that it lacks foundation. Without waiving any objection, responding parties have no responsive documents in their possession, custody, or control other than the photographs produced in Attachments A and D. Plaintiff cannot posses [sic] in his cell a video cassette or DVD of the use-of-force interview conducted by Sergeant Cruz on August 5, 2009, but upon request to defense counsel, arrangements can be made for Plaintiff to view the video at a date and time to be determined by prison officials where Plaintiff is incarcerated.

Plaintiff complains about not receiving access to this use-of-force interview. Pl.'s Reply 2, Doc. 29. However, Defendants' counsel already informed Plaintiff that he could view the interview upon request to counsel. Defs.' Supplement 2:3-6, Doc. 31. Defendants's counsel has also requested that prison officials permit Plaintiff to view this interview. *Id.* Thus, Plaintiff's motion to compel further response to Request For Production No. 4 is denied as moot.

Request No. 5:   Any video feed off the yard camera on August 4, 2009.

Response:   Responding parties have no responsive documents in their possession, custody, or control.

Plaintiff contends that Defendants have this video in their possession, or destroyed it. Pl.'s Reply 2. Defendants contend that Plaintiff has not proffered evidence that this video ever existed, or that it was not disposed of in the regular course of business. Defs.' Supplement 2:7-10.

3

1    Plaintiff has made no showing as to the relevance of Request No. 5.  It is unclear what

2 purpose a video feed from the yard camera would show.  As other district courts have found,

> as the moving party, Plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of Defendants' responses are disputed, why he believes Defendants' responses are deficient, why Defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

*Haynes v. Sisto*, 2010 U.S. Dist. LEXIS 121246, at *2-3 (E. D. Cal. Oct. 29, 2010).  Plaintiff is

required to explain the relevance of Request No. 5 to this action, which he did not do. [2]

Accordingly, Plaintiff's motion to compel further response to Request For Production No. 5 is

denied.

| | |
|---|---|
| Request No. 10: | Request to test material of hot water heater. |
| Request No. 12: | Request to have testins [sic] of hot water heater recorded during test. |
| Response: | Responding parties object to this request on the grounds it is overbroad and unintelligible, lacks foundation, fails to state with reasonable particularity the documents sought, is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and compromises the safety and security of the institution and staff.  Without waiving any objection, and assuming Plaintiff is requesting pictures or diagrams of the air conditioning unit in the 3A Program Office, responding parties have no responsive documents in their possession, custody, or control other than the photographs produced in Attachments A and D. |

Plaintiff requests to test the material of the hot water heater or air conditioner.  Pl.'s Reply 2.

Plaintiff also requests to have the testing of the air conditioner recorded on film as to the

material.  *Id.*  Defendants contend that such testing is not relevant to any issue in this case, what

tests he seeks performed, who will perform such tests and how, and who will pay for such

testing.  Defs.' Supplement 2:11-17.  Plaintiff also failed to show what material is to be tested.

---

[2] Additionally, Defendants cannot be made to produce a video if it does not exist.  It is unclear whether Defendants attempted to search for the video.

4

1  *Id.* Defendants state that they have already produced photographs taken shortly after the incident
2  of the 3A Program Office. *Id.*
3  Plaintiff is required to explain the relevance of his requests. *Haynes*, 2010 U.S. Dist.
4  LEXIS 121246, at *2-3. Again, Plaintiff failed to do so. Accordingly, Plaintiff's motion to
5  compel further response to Request For Production Nos. 10 and 12 is denied.

6  <u>Request No. 11</u>:	Request to have escort recorded.
7  <u>Response</u>:	Responding parties object to this request on the grounds it is overbroad
          and unintelligible, lacks foundation, fails to state with reasonable
8         particularity the documents sought, is irrelevant and not reasonably
          calculated to lead to the discovery of admissible evidence, and
9         compromises the safety and security of the institution and staff. Without
          clarification of the documents sought, responding parties cannot respond
10        to this request.

11  Plaintiff explains his request as seeking to recreate the escort from the yard to the
12  program office. Plaintiff requests that he be handcuffed and timed as to how long Plaintiff was
13  on the ground by the fence and how long it would take to be escorted from the fence to the office,
14  then to the 3A05 "B" lower shower and to the clinic. Pl.'s Reply 2. Defendants contend that
15  Plaintiff has failed to show how the proposed recreated escort is relevant. Defs.' Supplement
16  2:18-25. Plaintiff can testify as to his own recollection of how long he was restrained, as can
17  Defendants.

18  Plaintiff fails to explain the relevance of his request. Recreating the timing of each escort
19  serves no purpose. Additionally, it is beyond the scope of Rule 34, which does not require the
20  creation of documents or other tangible items, only the production of currently existing
21  documents. *See Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000) (court refused to compel
22  FBI to create list of persons when no such list was in existence). Accordingly, Plaintiff's motion
23  to compel further response to Request For Production No. 11 is denied.

24  <u>Request No. 13</u>:	All to be done under Defendants control and to be recorded.
25  <u>Response</u>:	Responding parties object to this request on the grounds it is overbroad, is
          vague and unintelligible in its entirety and fails to state with reasonable
26        particularity the documents sought.

27  The Court agrees with Defendants' objection. It is obvious on its face that Request No.
28  13 is vague and unintelligible as a discovery request. Plaintiff's motion to compel further

response to Request For Production No. 13 is denied.

**III.     Conclusion And Order**

   Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed August 17, 2011, is DENIED.

   IT IS SO ORDERED.

   Dated:    **November 10, 2011**          /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE