**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES E. TILTON, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-00023-DLB PC<br><br>**ORDER STRIKING PLAINTIFF'S SURREPLY**<br><br>ECF No. 55<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>ECF No. 46 |

**I.    Background**

Plaintiff Lamont Shepard ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed January 6, 2010, against L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, and A. Trevino for excessive force in violation of the Eighth Amendment. On April 9, 2012, Defendants filed a motion for partial summary judgment. ECF No. 46. On April 24, 2012, 2012, Plaintiff filed his opposition.[1] ECF Nos. 50, 51. On April 30, 2012, Defendants filed their reply. ECF No. 54. The matter is submitted pursuant to Local Rule 230(l).

On May 8, 2012, Plaintiff filed a reply to Defendants' reply, which the Court construes as a

---

[1] On July 19, 2012, the Court provided Plaintiff with the opportunity to file an amended opposition in light of *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012). On August 6, 2012, Plaintiff filed an amended opposition. ECF No. 59. However, Plaintiff's amended opposition cites to Plaintiff's previously filed opposition. Thus, the Court will consider Plaintiff's opposition filed on April 24, 2012 as Plaintiff's opposition to Defendants' motion.

1

surreply. ECF No. 55. Pursuant to Local Rule 230(l), motions are deemed submitted after the filing of the reply. The Court did not order or grant leave for Plaintiff to file a surreply. Accordingly, Plaintiff's surreply is stricken.[2]

## II.    Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute

---

[2] The Court out of an abundance of caution examined Plaintiff's surreply and finds that it would not change the analysis herein.

exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

//

//

//

### III. Statement of Facts[3]

#### A. Defendants' Facts

Plaintiff was an inmate at Facility 3A at California State Prison-Corcoran ("COR") during the events at issue in this action. On August 4, 2009, at approximately 3:20 p.m., Officer Defendant Perez was on the east yard of Facility 3A at California State Prison-Corcoran (COR), monitoring the inmates on the yard. Perez Decl. ¶ 2.

Defendant Perez saw and heard three inmates talking through the center fence that divides the yard on Facility 3A into an east and west yard. One of the inmates, who he later identified as Plaintiff Lamont Shepard (K-29682), was on the west yard. Perez Decl. ¶ 3.

Defendant Perez gave the inmates a direct order to stop talking and keep moving. Perez Decl. ¶ 4. Yard regulations required inmates to stay a specified distance away from the center fence and to keep the tracks that run along the center fence clear. Perez Decl. ¶ 5. Defendants contend that Plaintiff responded to Defendant Perez's order by stating, "Fuck you, pig. Why you tripping," or words to that effect. (Perez Decl. ¶ 6.)

Defendant Perez walked through the center gate that leads to the west yard and ordered Plaintiff to walk towards Defendant Perez and show his identification card. Perez Decl. ¶ 7; Garcia Decl. ¶ 3; Trevino Decl. ¶ 8. Officers Defendants Trevino and Garcia, who were already on the west yard, were near Defendant Perez. Perez Decl. ¶ 8. Plaintiff walked up to Defendant Perez and stopped within a foot of him. Defendant Perez told Plaintiff that he (Plaintiff) was too close and ordered him to back up. Perez Decl. ¶ 9; Garcia Decl. ¶ 6; Trevino Decl. ¶¶ 10-11.

Plaintiff asked if Defendant Perez was afraid of him (Plaintiff), and Defendant Perez responded that he was not. Perez Decl. ¶ 10. Plaintiff then addressed Defendant Trevino and said something to the effect of what was he (Trevino) going to do. Perez Decl. ¶ 11; Trevino Decl. ¶¶ 12-14; Garcia Decl. ¶ 8. Plaintiff had his fists clenched at his sides and took a bladed stance. Trevino Decl. ¶ 13; Garcia Decl. ¶ 8.

---

[3] All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(c), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff submits a declaration in dispute of Defendants' statement of facts. Only those facts which are material to adjudication of the motion will be considered.

4

1    Without warning, Plaintiff lunged forward and punched Defendant Perez with a closed fist on
2    the left side of the head. Perez Decl. ¶ 12. When Plaintiff lunged forward towards Defendants Perez
3    and Trevino, Defendant Trevino pepper-sprayed Plaintiff in the facial area. Perez Decl. ¶ 13;
4    Trevino Decl. ¶¶ 14-15; Garcia Decl. ¶ 9. Plaintiff swung his fists while Defendant Trevino sprayed
5    him. Trevino Decl. ¶ 16. Defendants Perez and Trevino took Plaintiff down to the ground, where
6    Plaintiff continued to swing his arms and kicked his legs. Perez Decl. ¶ 14; Trevino Decl. ¶ 16-18;
7    Garcia Decl. ¶¶ 12- 16; Martinez Decl. ¶¶ 3-4.

8    Responding staff arrived at the scene, including Sergeant Defendant Martinez, gained control
9    of Plaintiff, and restrained him. Perez Decl. ¶ 15; Garcia Decl. ¶ 15; Trevino Decl. ¶ 19; Martinez
10   Decl. ¶¶ 5-6. The entire incident lasted no more than two minutes. Perez Decl. ¶ 16; Trevino Decl.
11   ¶ 20; Martinez Decl. ¶ 7; Garcia Decl. ¶ 17. Officers Defendants De La Cruz and Soto were not
12   involved in the yard incident. De La Cruz Decl. ¶¶ 2-7; Soto Decl. ¶¶ 2-5.

13   Defendant Perez sustained a cut to the left side of his head, near his ear, and he was exposed
14   to pepper spray as a result of the incident. Defendant Perez was treated in the medical clinic, the
15   prison hospital, and subsequently sent by ambulance to outside facility for further evaluation. Perez
16   Decl. ¶ 18. As a result of the incident with Plaintiff on the yard on August 4, 2009, Defendant Perez
17   issued a disciplinary report against Plaintiff for battery on a peace officer. Perez Decl. ¶ 19; Rules
18   Violation Report No. 3A-09-08-001, attached as Ex. A to Esquivel Decl.

19   Plaintiff was found guilty of battery on a peace officer as a result of the disciplinary
20   proceedings and assessed 150-days credit forfeiture—meaning his overall sentence was extended for
21   that amount of time. Pl.'s Resp. to Req. for Admis. 64-65, attached as Ex. D to Esquivel
22   Decl.; Rules Violation Report No. 3A-09-08-001 at p. 1; Perez Decl. ¶ 20. The finding of guilty has
23   not been reversed or vacated. Perez Decl. ¶ 21; Pl.'s Resp. to Req. for Admis. 66-67.

24   **B.    Plaintiff's Facts**

25   On August 4, 2009, Plaintiff was on the west yard of facility 3A of COR, and talking through
26   the fence to other inmates. Pl.'s Statement p. 1. Defendant Perez gave a direct order for Plaintiff
27   and the other inmates to stop talking, even though Defendant Perez did not give a similar order to
28   Mexican inmates (Plaintiff is African American). Pl.'s Statement pp. 2-3. Plaintiff told a fellow

5

inmate that he will "hollar [sic] at [him] when this racist as [sic] pig stop tripping." Pl.'s Statement p. 3. Defendant Perez called Plaintiff by name and asked for his identification card. Pl.'s Statement p. 3. Plaintiff walked within arms' length of Defendant Perez. Pl.'s Statement p. 3. Plaintiff asked what was Defendant Perez's problem and whether the no-talking rule was for black inmates only. Pl.'s Statement p. 4. Plaintiff never said anything to Defendant Trevino, and did not have his fists clenched at sides, with a bladed stance. Pl.'s Statement p. 4. Plaintiff contends that he did not lunge forward towards Defendants Perez and Trevino. Pl.'s Statement p. 5. Plaintiff did not swing his fists. Defendant Trevino ran from 15 yards out, and someone pushed Plaintiff to the ground. Pl.'s Statement p. 5. Plaintiff did kick and twist because he was in handcuffs and could not breathe. Pl.'s Statement p. 5. Plaintiff contends that the finding of guilt for battery on a peace officer, and subsequent loss of 150 days good time credit, could not be appealed because COR appeals engaged in a cover-up of the incident. Pl.'s Statement p. 7.

**III    Analysis**

Defendants contend that the excessive force claim regarding the incident on the yard on the date of August 4, 2009 should be barred by the favorable termination rule.[4] Defs.' Mot. Summ. J., Mem. P. & A. In *Edwards v. Balisok*, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine of favorable termination articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In *Heck*, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487; *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). In applying the principle to the facts of *Balisok*, the

---

[4] The Court notes that Defendants do not move for summary judgment as to the alleged use of excessive force in the program office of 3A05 by Defendants Martinez, Soto, Dela Cruz, Perez, Trevino, and Garcia. That claim will proceed in this action.

Court held that a claim challenging the procedures used in a prison disciplinary hearing would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it must first be brought as a habeas corpus petition and not under § 1983. *Heck*, 512 U.S. at 487; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff makes two different arguments in opposition. Plaintiff first contends that he is not seeking recovery for excessive force for the pepper-spray use by Defendant Trevino on the yard, only for the alleged excessive force in the program office. Pl.'s Opp'n 8-10. Plaintiff next contends that he was wrongfully found guilty of battery on a peace officer. Pl.'s Opp'n 10-12. The Court thus finds that Plaintiff wishes to overturn his conviction for battery on a peace officer, and is not contesting Defendants' argument that there is no excessive force claim for the pepper-spraying incident. Defendant Trevino is entitled to summary judgment as a matter of law with regards to an excessive force claim for pepper-spraying Plaintiff on the yard on August 4, 2009.

To the extent that Plaintiff seeks to have his conviction for battery on a peace officer overturned, that is not a claim in this action. This action proceeds against Defendants for excessive force in violation of the Eighth Amendment, and no other claims. Screening Order, ECF No. 11. Plaintiff appears to be asserting for the first time a violation of the Due Process Clause of the Fourteenth Amendment regarding the guilty finding for Rules Violation Report No. 3A-09-08-001. Even if there was a due process claim, Plaintiff's claim is denied pursuant to *Heck*. If Plaintiff were to prevail in a § 1983 action for a due process claim regarding the yard incident, his sentence would necessarily be affected because the loss of 150 days of good-time credits would be invalidated.

**IV.   Order**

Based on the foregoing, it is HEREBY ORDERED that

1. Defendants' motion for partial summary judgment, filed April 9, 2012, is granted;

2. Defendant Trevino is entitled to judgment as a matter of law for Plaintiff's claim for excessive force regarding being pepper sprayed on the yard on August 4, 2009; and

///

///

3. This action proceeds against Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz, and A. Trevino for excessive force in the program office on August 4, 2009.

IT IS SO ORDERED.

Dated:   **November 5, 2012**                             /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE