1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   LAMONT SHEPARD,                        )   Case No.: 1:10-cv-00023-BAM PC
                                            )
12              Plaintiff,                  )   ORDER REGARDING DEFENDANTS' MOTIONS
                                            )   IN LIMINE
13         v.                               )
                                            )   (ECF No. 93)
14   R. PEREZ, et al.,                      )
                                            )
15              Defendants.                 )
                                            )
16   _____    )

17         Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19   Plaintiff's Eighth Amendment claim for excessive force against Defendants L. A. Martinez, R. Perez,

20   P. Garcia, J. Soto, E. De la Cruz and A. Trevino arising from an alleged incident that occurred in the

21   Program Office at Corcoran State Prison on August 4, 2009.  (ECF No. 64.)  A jury trial is scheduled

22   for May 6, 2013.

23         On March 29, 2013, Defendants filed their motions in limine.  (ECF No. 93.)  Plaintiff filed his

24   opposition to the motions in limine on April 8, 2013.  (ECF No. 95.)  The motions in limine were

25   heard before the Honorable Barbara A. McAuliffe on April 19, 2013.  Plaintiff appeared

26   telephonically on his own behalf.  Diana Esquivel appeared telephonically on behalf of Defendants.

27   ///

28   ///

                                              1

1    **I.      Motions in Limine**

2          A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is

3    actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "[A] motion in

4    limine is an important tool available to the trial judge to ensure the expeditious and evenhanded

5    management of the trial proceedings."  Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,

6    440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before trial

7    and avoids potentially prejudicial evidence being presented in front of the jury.  Brodit v. Cambra, 350

8    F.3d 985, 1004-05 (9th Cir. 2003).

9          Motions in limine that exclude broad categories of evidence are disfavored, and such issues are

10   better dealt with during trial as the admissibility of evidence arises.  Sperberg v. Goodyear Tire &

11   Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not

12   accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer

13   ruling until trial when the judge can better estimate the impact of the evidence on the jury.  Jonasson,

14   115 F.3d at 440.

15   **II.      Defendants' Motion in Limine #1**

16         Defendants seek to preclude Plaintiff from offering any evidence concerning his current

17   medical conditions or offering opinions or making inferences whether his current conditions were

18   caused or are related to this incident.  Defendants argue that Plaintiff lacks medical expertise to offer

19   opinions or inferences regarding the nature and extent of his alleged injuries or to interpret medical

20   records and imaging studies.  Fed. R. Evid. 701.  Defendants do not seek to preclude Plaintiff from

21   testifying about what he experienced and felt as a result of the August 2009 incident, what he did in

22   response to those physical symptoms, and what he communicated to his doctors.  However,

23   Defendants assert that Plaintiff cannot testify regarding a diagnosis, prognosis, opinions, inferences, or

24   causation of his alleged injuries because he has no medical expertise, training or education.

25         Plaintiff responds that he wishes to testify and to introduce medical records to show injuries

26   caused by Defendants in August 2009.  Plaintiff contends that this is relevant evidence pursuant to

27   Fed. R. Evid. 402.

28

1    At the hearing, the parties stipulated to the admission of Plaintiff's medical records, which are

2 identified as Defendants' exhibits 6(a)-(ee) in the pretrial order dated March 19, 2013. (ECF No. 91,

3 p. 15.) Based on the stipulation regarding medical records, Defendants' motion in limine is DENIED

4 as moot.

5    **III.    Defendants' Motion in Limine #2**

6    Defendants seek an order precluding Plaintiff from making any reference to defendants, claims

7 or events that were dismissed or are irrelevant to his claim for excessive force. Defendants believe

8 that testimony and evidence regarding dismissed claims and parties should be precluded because such

9 testimony may confuse the jury and may unduly consume time. Fed. R. Evid. 403.

10    1. July 2009 Incident

11    Defendants are primarily concerned that Plaintiff will seek to introduce evidence and testimony

12 regarding an alleged incident that occurred on July 28, 2009, during which Plaintiff contends that

13 Defendant Martinez threatened him. Defendants concede that Plaintiff should be permitted to provide

14 some "brief and limited" testimony of his purported interaction with Defendant Martinez in July 2009.

15 However, Defendants believe that allowing Plaintiff to delve into the details of the July incident will

16 confuse the jury and waste time. Plaintiff counters that the July 2009 incident is relevant and that he

17 should be allowed to give full details of the threat.

18    Both parties appear to agree that Plaintiff should be allowed to testify regarding the alleged

19 threat of assault by Defendant Martinez on July 2009. This evidence is clearly relevant to Plaintiff's

20 assertion that Defendant Martinez carried out this threat in August 2009. Fed. R. Evid. 401.

21 Accordingly, Defendants' motion in limine to preclude this evidence is DENIED.

22    2. Exhaustion of Administrative Remedies

23    Defendants also are concerned that Plaintiff will seek to introduce substantial evidence about

24 his efforts to exhaust the administrative process regarding the August 4, 2009 incident. Defendants

25 contend that this evidence is irrelevant because the Court dismissed Plaintiff's due process claim

26 arising from these allegations and Defendants do not contend that Plaintiff failed to complete the

27 administrative process.

28

1    Plaintiff has not provided the relevant documents that he seeks to admit regarding his

2  assertions related to his efforts to exhaust administrative remedies.  Accordingly, this portion of

3  Defendants' motion in limine is held in abeyance until trial.

4    **IV.    Motion in Limine #3**

5    Defendants move to preclude any evidence or testimony about other allegations of excessive

6  force made against Defendants and their litigation history, including other complaints where

7  Defendants were accused of excessive force.  Defendants contend that evidence of prior bad acts is not

8  admissible to prove liability.  Fed. R. Evid. 404(b).  Defendants also contend that their past litigation

9  or inmate-complaint history is irrelevant to this case and any probative value of such evidence is

10  substantially outweighed by a danger of unfair prejudice, confusion of the issues, and waste of time.

11  Fed. R. Evid. 403.

12    Plaintiff counters that such evidence is relevant and admissible as proof of motive and bad

13  character.  Fed. R. Evid. 405.  Plaintiff asserts that Defendants have a history of attacking African-

14  American inmates.  Plaintiff also asserts that this evidence will allow the jury to understand the motive

15  for Defendants' actions in this case and the presentation of such evidence will not waste any time.

16    Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order

17  to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid.

18  404(b)(1).  However, this evidence may be admissible for another purpose, such as "proving motive,

19  opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

20  Fed. R. Evid. 404(b)(2).

21    "The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the

22  evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is

23  sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act

24  is similar to the offense charged.'" United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir.2008)

25  (quoting in part United States v. Romero, 282 F.3d 683, 688 (9th Cir.2002)).  If evidence satisfies

26  Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by

27  the prejudicial impact under Rule 403." Id. The proponent of the disputed evidence bears the burden of

28

4

1    demonstrating its admissibility under the foregoing test. <u>United States v. Montgomery</u>, 150 F.3d 983,

2    1001 (9th Cir.1998).

3         Plaintiff has made no showing of specific instances, beyond generalities, that the evidence he

4    intends to offer is sufficient to support a finding that Defendants committed the other acts.  Other

5    inmate grievances against Defendants are not sufficient to demonstrate that an act occurred.  Plaintiff

6    therefore has failed to meet his burden of proof pursuant to Rule 404(b).  Additionally, the probative

7    value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants,

8    confusion of the issues, and misleading the jury.  Fed. R. Evid. 403.  Defendants' motion in limine is

9    GRANTED.

10        **V.      Defendants' Motion in Limine #4**

11        Defendants seek to preclude evidence or testimony regarding offers to compromise.  Plaintiff

12   asserts that he has no reason to discuss settlement to the jury.  Any attempt by Plaintiff to introduce

13   evidence of settlement negotiations to prove liability would be prohibited by Federal Rule of Evidence

14   408.  <u>Green v. Baca</u>, 226 F.R.D. 624, 640 (C.D. Cal. 2005); Fed. R. Evid. 408.   Defendants' motion in

15   limine is GRANTED.

16        **VI.     Defendants' Motion in Limine #5**

17        Defendants seek an order precluding evidence that the State may pay any judgment or

18   reimburse Defendants in the event any judgment is entered against them.  Defendants contend that

19   Plaintiff should be precluded from introducing such information because it is both irrelevant and

20   highly prejudicial. Fed. R. Evid. 403.  Defendants also contend that this is information of "insurance,"

21   which is inadmissible pursuant to Federal Rule of Evidence 411.

22        Plaintiff responds that the State is obligated to indemnify its employees and evidence of

23   indemnification should be admitted.

24        Information regarding whether the State or CDCR would pay any verdict or reimburse

25   Defendants for any compensatory damage award is not relevant to Plaintiff's claim of excessive force.

26   Fed. R. Evid. 401.  Even if such information were relevant, it should be excluded because its probative

27   value is substantially outweighed by both a danger of unfair prejudice and a danger of confusing the

28   issues.  Fed. R. Evid. 403.  Defendants' motion in limine is GRANTED.

1    ///

2    **VII.    Defendants' Motion in Limine #6**

3    Defendants seek to introduce evidence that Plaintiff is serving a life sentence for his 1995 and

4    2011 convictions for attempted murder and murder.  Defendants report that they do not seek to

5    introduce evidence or facts of Plaintiff's specific crime, but intend to elicit testimony about the length

6    of his incarceration to contend that Plaintiff has no incentive to tell the truth.  Defendants believe that

7    the jury is entitled to hear this evidence to determine Plaintiff's trustworthiness and veracity.  Fed. R.

8    Evid. 403, 609(b).

9    At the hearing, Plaintiff stated his intention to testify regarding his conviction and his length of

10    incarceration, including that he is serving a life sentence.  Based on this statement, Defendants asked

11    the Court to reserve its ruling on this motion in limine in the event Plaintiff does not testify regarding

12    his sentence.  As the issue is dependent upon Plaintiff's testimony, the Court reserves its ruling on this

13    motion in limine until trial.

14    **VIII.    Defendants' Motion in Limine #7**

15    Defendants request an order allowing them to introduce evidence of the events that took place

16    on the yard on August 4, 2009, because such evidence is relevant to their defense.  Defendants

17    anticipate that Plaintiff will claim such evidence is irrelevant because the Court granted Defendants'

18    motion for summary judgment on his claim arising from the yard incident.  However, Defendants

19    assert that evidence of the events on the yard are relevant to demonstrate that Defendants Perez and

20    Trevino were not in the Program Office and did not participate in any alleged assault in the Program

21    Office.  Defendants Perez and Trevino are expected to testify that they went to the medical clinic

22    because of their injuries or exposure to pepper spray as a result of the yard incident, and were at the

23    clinic at the time of the Program Office incident.  Defendants also assert that testimony from De La

24    Cruz, Martinez and Soto concerning what they saw and their involvement in the yard incident is

25    relevant to the jury's determination of whether their actions--escorting Plaintiff to the Program Office,

26    clearing the office and taking Plaintiff down to the floor in the office--were reasonable.

27    In opposition, Plaintiff argues that Defendants should be precluded from introducing evidence

28    of the events that took place on the yard on August 4, 2009, before taking Plaintiff to the Program

1  Office because such claim has been dismissed and is irrelevant.  Plaintiff also argues that Defendants

2  are changing their story.  Plaintiff contends that Defendants previously made a statement that Plaintiff

3  kicked the cage or cell causing Plaintiff and Defendant Soto to fall backward, but now they are

4  claiming that Plaintiff was taken to the floor for being a threat.

5      "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it

6  would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R.

7  Evid. 401.  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Although Plaintiff's

8  claim regarding the events taking place on the yard has been dismissed, the events themselves are

9  relevant to whether Defendants Perez and Trevino left the yard to seek medical attention and were not

10  in the Program Office during the alleged incident that is at issue.  Additionally, the events on the yard

11  explain the conduct leading up to the Program Office.  Defendants' motion in limine is GRANTED.

12

13      **IT IS SO ORDERED.**

14

15  **Dated:    April 24, 2013**                    **/s/ Barbara A. McAuliffe**
                                              **UNITED STATES MAGISTRATE JUDGE**
16

17

18

19

20

21

22

23

24

25

26

27

28