**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAMONT SHEPARD, | Case No.: 1:10-cv-00023-BAM PC |
| Plaintiff, | ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE |
| v. | |
| R. PEREZ, et al., | (ECF No. 93) |
| Defendants. | |

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Eighth Amendment claim for excessive force against Defendants L. A. Martinez, R. Perez, P. Garcia, J. Soto, E. De la Cruz and A. Trevino arising from an alleged incident that occurred in the Program Office at Corcoran State Prison on August 4, 2009. (ECF No. 64.) A jury trial is scheduled for May 6, 2013.

On March 29, 2013, Defendants filed their motions in limine. (ECF No. 93.) Plaintiff filed his opposition to the motions in limine on April 8, 2013. (ECF No. 95.) The motions in limine were heard before the Honorable Barbara A. McAuliffe on April 19, 2013. Plaintiff appeared telephonically on his own behalf. Diana Esquivel appeared telephonically on behalf of Defendants.

///

///

1

**I.      Motions in Limine**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."  Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury.  Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises.  Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury.  Jonasson, 115 F.3d at 440.

**II.     Defendants' Motion in Limine #1**

Defendants seek to preclude Plaintiff from offering any evidence concerning his current medical conditions or offering opinions or making inferences whether his current conditions were caused or are related to this incident.  Defendants argue that Plaintiff lacks medical expertise to offer opinions or inferences regarding the nature and extent of his alleged injuries or to interpret medical records and imaging studies.  Fed. R. Evid. 701.  Defendants do not seek to preclude Plaintiff from testifying about what he experienced and felt as a result of the August 2009 incident, what he did in response to those physical symptoms, and what he communicated to his doctors.  However, Defendants assert that Plaintiff cannot testify regarding a diagnosis, prognosis, opinions, inferences, or causation of his alleged injuries because he has no medical expertise, training or education.

Plaintiff responds that he wishes to testify and to introduce medical records to show injuries caused by Defendants in August 2009.  Plaintiff contends that this is relevant evidence pursuant to Fed. R. Evid. 402.

At the hearing, the parties stipulated to the admission of Plaintiff's medical records, which are identified as Defendants' exhibits 6(a)-(ee) in the pretrial order dated March 19, 2013. (ECF No. 91, p. 15.) Based on the stipulation regarding medical records, Defendants' motion in limine is DENIED as moot.

**III.     Defendants' Motion in Limine #2**

Defendants seek an order precluding Plaintiff from making any reference to defendants, claims or events that were dismissed or are irrelevant to his claim for excessive force. Defendants believe that testimony and evidence regarding dismissed claims and parties should be precluded because such testimony may confuse the jury and may unduly consume time. Fed. R. Evid. 403.

1. <u>July 2009 Incident</u>

Defendants are primarily concerned that Plaintiff will seek to introduce evidence and testimony regarding an alleged incident that occurred on July 28, 2009, during which Plaintiff contends that Defendant Martinez threatened him. Defendants concede that Plaintiff should be permitted to provide some "brief and limited" testimony of his purported interaction with Defendant Martinez in July 2009. However, Defendants believe that allowing Plaintiff to delve into the details of the July incident will confuse the jury and waste time. Plaintiff counters that the July 2009 incident is relevant and that he should be allowed to give full details of the threat.

Both parties appear to agree that Plaintiff should be allowed to testify regarding the alleged threat of assault by Defendant Martinez on July 2009. This evidence is clearly relevant to Plaintiff's assertion that Defendant Martinez carried out this threat in August 2009. Fed. R. Evid. 401. Accordingly, Defendants' motion in limine to preclude this evidence is DENIED.

2. <u>Exhaustion of Administrative Remedies</u>

Defendants also are concerned that Plaintiff will seek to introduce substantial evidence about his efforts to exhaust the administrative process regarding the August 4, 2009 incident. Defendants contend that this evidence is irrelevant because the Court dismissed Plaintiff's due process claim arising from these allegations and Defendants do not contend that Plaintiff failed to complete the administrative process.

Plaintiff has not provided the relevant documents that he seeks to admit regarding his assertions related to his efforts to exhaust administrative remedies.  Accordingly, this portion of Defendants' motion in limine is held in abeyance until trial.

**IV.     Motion in Limine #3**

Defendants move to preclude any evidence or testimony about other allegations of excessive force made against Defendants and their litigation history, including other complaints where Defendants were accused of excessive force.  Defendants contend that evidence of prior bad acts is not admissible to prove liability.  Fed. R. Evid. 404(b).  Defendants also contend that their past litigation or inmate-complaint history is irrelevant to this case and any probative value of such evidence is substantially outweighed by a danger of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 403.

Plaintiff counters that such evidence is relevant and admissible as proof of motive and bad character.  Fed. R. Evid. 405.  Plaintiff asserts that Defendants have a history of attacking African-American inmates.  Plaintiff also asserts that this evidence will allow the jury to understand the motive for Defendants' actions in this case and the presentation of such evidence will not waste any time.

Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1).  However, this evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.'" United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir.2008) (quoting in part United States v. Romero, 282 F.3d 683, 688 (9th Cir.2002)).  If evidence satisfies Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." Id.  The proponent of the disputed evidence bears the burden of

demonstrating its admissibility under the foregoing test. United States v. Montgomery, 150 F.3d 983, 1001 (9th Cir.1998).

Plaintiff has made no showing of specific instances, beyond generalities, that the evidence he intends to offer is sufficient to support a finding that Defendants committed the other acts.  Other inmate grievances against Defendants are not sufficient to demonstrate that an act occurred.  Plaintiff therefore has failed to meet his burden of proof pursuant to Rule 404(b).  Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the jury.  Fed. R. Evid. 403.  Defendants' motion in limine is GRANTED.

### V. Defendants' Motion in Limine #4

Defendants seek to preclude evidence or testimony regarding offers to compromise.  Plaintiff asserts that he has no reason to discuss settlement to the jury.  Any attempt by Plaintiff to introduce evidence of settlement negotiations to prove liability would be prohibited by Federal Rule of Evidence 408.  Green v. Baca, 226 F.R.D. 624, 640 (C.D. Cal. 2005); Fed. R. Evid. 408.   Defendants' motion in limine is GRANTED.

### VI. Defendants' Motion in Limine #5

Defendants seek an order precluding evidence that the State may pay any judgment or reimburse Defendants in the event any judgment is entered against them.  Defendants contend that Plaintiff should be precluded from introducing such information because it is both irrelevant and highly prejudicial. Fed. R. Evid. 403.  Defendants also contend that this is information of "insurance," which is inadmissible pursuant to Federal Rule of Evidence 411.

Plaintiff responds that the State is obligated to indemnify its employees and evidence of indemnification should be admitted.

Information regarding whether the State or CDCR would pay any verdict or reimburse Defendants for any compensatory damage award is not relevant to Plaintiff's claim of excessive force. Fed. R. Evid. 401.  Even if such information were relevant, it should be excluded because its probative value is substantially outweighed by both a danger of unfair prejudice and a danger of confusing the issues.  Fed. R. Evid. 403.  Defendants' motion in limine is GRANTED.

///

## VII. Defendants' Motion in Limine #6

Defendants seek to introduce evidence that Plaintiff is serving a life sentence for his 1995 and 2011 convictions for attempted murder and murder. Defendants report that they do not seek to introduce evidence or facts of Plaintiff's specific crime, but intend to elicit testimony about the length of his incarceration to contend that Plaintiff has no incentive to tell the truth. Defendants believe that the jury is entitled to hear this evidence to determine Plaintiff's trustworthiness and veracity. Fed. R. Evid. 403, 609(b).

At the hearing, Plaintiff stated his intention to testify regarding his conviction and his length of incarceration, including that he is serving a life sentence. Based on this statement, Defendants asked the Court to reserve its ruling on this motion in limine in the event Plaintiff does not testify regarding his sentence. As the issue is dependent upon Plaintiff's testimony, the Court reserves its ruling on this motion in limine until trial.

## VIII. Defendants' Motion in Limine #7

Defendants request an order allowing them to introduce evidence of the events that took place on the yard on August 4, 2009, because such evidence is relevant to their defense. Defendants anticipate that Plaintiff will claim such evidence is irrelevant because the Court granted Defendants' motion for summary judgment on his claim arising from the yard incident. However, Defendants assert that evidence of the events on the yard are relevant to demonstrate that Defendants Perez and Trevino were not in the Program Office and did not participate in any alleged assault in the Program Office. Defendants Perez and Trevino are expected to testify that they went to the medical clinic because of their injuries or exposure to pepper spray as a result of the yard incident, and were at the clinic at the time of the Program Office incident. Defendants also assert that testimony from De La Cruz, Martinez and Soto concerning what they saw and their involvement in the yard incident is relevant to the jury's determination of whether their actions--escorting Plaintiff to the Program Office, clearing the office and taking Plaintiff down to the floor in the office--were reasonable.

In opposition, Plaintiff argues that Defendants should be precluded from introducing evidence of the events that took place on the yard on August 4, 2009, before taking Plaintiff to the Program

6

Office because such claim has been dismissed and is irrelevant.  Plaintiff also argues that Defendants are changing their story.  Plaintiff contends that Defendants previously made a statement that Plaintiff kicked the cage or cell causing Plaintiff and Defendant Soto to fall backward, but now they are claiming that Plaintiff was taken to the floor for being a threat.

"Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Although Plaintiff's claim regarding the events taking place on the yard has been dismissed, the events themselves are relevant to whether Defendants Perez and Trevino left the yard to seek medical attention and were not in the Program Office during the alleged incident that is at issue.  Additionally, the events on the yard explain the conduct leading up to the Program Office.  Defendants' motion in limine is GRANTED.

**IT IS SO ORDERED.**

**Dated:     April 24, 2013                                /s/ Barbara A. McAuliffe**
                                               **UNITED STATES MAGISTRATE JUDGE**